PHŒNIX FIRE ASSUR. CO. v. MURRAY et al.

(Circuit Court of Appeals, Third Circuit. May 1, 1911.)

No. 29.

INSURANCE (§ 612*)—ACTION ON POLICY—DEFENSES.

The failure of an insured after a loss to name an appraiser, under a clause in the policy providing for an appraisal "in the event of disagreement as to the amount of loss," constitutes no defense to an action on the policy, where it is not alleged or shown that there was a disagreement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1522-1527; Dec. Dig. § 612.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action at law by Elizabeth Murray and Walter Malona against the Phœnix Fire Assurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Jennings & Jennings, for plaintiff in error.

J. M. Hunter and Lyon & Hunter, for defendants in error.

Before BUFFINGTON and LANNING, Circuit Judges, and McPHERSON, District Judge.

BUFFINGTON, Circuit Judge. In the court below Elizabeth Murray and Walter Malona, citizens of Pennsylvania, recovered judgment against the Phœnix Fire Assurance Company, Limited, of England, in a suit brought on a policy of insurance. Thereupon the latter sued out this writ, assigning for error the court's giving to the jury binding instructions in favor of the plaintiffs. In their statement of claim the latter averred the loss on the burned or damaged personal property covered by the policy was $2,187.50. This averment was not traversed by the affidavit of defense, and under the rule of the court below:

"Such items of claim and material averments of fact of the plaintiff's statement as are not directly and specifically traversed or denied by the defendant's affidavit shall be taken as admitted."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Having proved the execution and delivery of the policy, the fire, the furnishing of proofs of loss, and the admission by the pleadings of the value of the goods, a prima facie case was established, on which, in the absence of countervailing proof, the plaintiffs were entitled to recover.

On behalf of the defendant the only defense urged was that the plaintiffs were required, but had failed, to name an arbitrator in accordance with the clause of a standard policy, viz.:

"In the event of disagreement as to the amount of loss, the same shall as above provided be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately the sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss. The parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expenses of the appraisal and umpire."

Waiving, for present purposes, whether this was, in view of Hamilton v. Home Ins. Co., 137 U. S. 385, 11 Sup. Ct. 133, 34 L. Ed. 708, a valid defense, we note that this clause, which, it has been held (Royal Co. v. Ries, 80 Ohio St. 272, 88 N. E. 638) is "an agreement for an appraisement, and not an arbitration," is conditioned, "in the event of disagreement as to the amount of loss," and the proofs did not show that any such disagreement had taken place. We have examined the correspondence and pleadings in the cause, and agree with the conclusion, stated by the court below in its opinion refusing a new trial, that:

"The affidavit contained no direct or specific averment that at any time had there been a disagreement between the parties as to the amount of the loss. It is true it contained an averment of notice to 'plaintiff's attorney in writing that a disagreement had arisen.' This averment cannot and should not be deemed an equivalent substitute for what was omitted. If there be no disagreement, it is clear that the assured are not bound to submit to an arbitration."

As the contention of the defendant as to an appraisement had no basis of fact on which to stand, no defense was proven, and the court was right in directing the jury to find for the plaintiffs.

The judgment on the verdict is therefore affirmed.